**Dexter HUGHES, Appellant,**

v.

**LEE COUNTY DISTRICT COURT, FORT MADISON, IA, Crispus C. Nix, Appellees.**

No. 93–1222.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1993.

Decided Nov. 24, 1993.

Kathy Goudy, Des Moines, IA, argued, for appellant.

William A. Hill, Asst. Atty. Gen., Des Moines, IA, argued, for appellees.

Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Dexter Hughes, an inmate at the Iowa State Penitentiary, appeals from a final order entered in the United States District Court[1] for the Southern District of Iowa denying his

---

1. The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks, among other things, reinstatement of good time credits forfeited as a result of four disciplinary rulings against him. For reversal, petitioner argues that the district court erred in holding that (1) petitioner did not receive untimely notice of the disciplinary proceedings in violation of his due process rights and (2) petitioner did not receive ineffective assistance of counsel in the underlying state court actions for post-conviction relief. Having considered the parties' arguments and reviewed the record in this case, we affirm the order of the district court.

Petitioner received notice of the disciplinary actions against him at least twenty-four hours before his disciplinary hearings, as constitutionally required under *Wolff v. McDonnell*, 418 U.S. 539, 564, 94 S.Ct. 2963, 2978, 41 L.Ed.2d 935 (1974). Petitioner's claim that the state violated its own procedural guidelines by failing to provide him with notice of the disciplinary actions within twenty-four hours after each incident report was filed does not state an independent federal claim. *See Olim v. Wakinekona*, 461 U.S. 238, 250–51, 103 S.Ct. 1741, 1748, 75 L.Ed.2d 813 (1983) (state does not create independent substantive right by choosing to require procedures that are not constitutionally mandated); *Hewitt v. Helms*, 459 U.S. 460, 471, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983) (creation of procedural guidelines to channel decisionmaking of prison officials is salutary development; it would be ironic to subject states following such a desirable course to federal scrutiny, while states that do not adopt procedural guidelines entirely avoid due process scrutiny). Therefore, we agree with the district court's holding that no due process violation occurred. Moreover, upon review, we hold that the district court did not err in concluding that petitioner's counsel in the state court post-conviction relief proceedings satisfied the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The order of the district court is affirmed. *See* 8th Cir.R. 47B.