**George GOFF, Appellee,**

v.

**James BURTON, John Henry, and Crispus C. Nix, Appellants.**

**No. 92–3679.**

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1993.

Decided Oct. 13, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Jan. 3, 1994.*

---

* Richard S. Arnold, Chief Judge, McMillian, Morris Sheppard Arnold, Circuit Judges would grant the suggestion for rehearing en banc.

Layne Lindebak, Asst. Atty. Gen., Des Moines, IA, argued for appellants.

Lucy Harrington, Student Legal Intern, Iowa City, IA, argued (Paul Papak, on brief), for appellee.

Before JOHN R. GIBSON, LOKEN, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

George Goff, an Iowa inmate, alleged that prison officials transferred him from the medium security John Bennett Correctional Center (JBCC), located outside the walls, to a maximum security correctional facility, the Iowa State Penitentiary, inside the walls, at Fort Madison, Iowa, and confined him to a maximum security cell in retaliation for his participation in a lawsuit against prison officials challenging the conditions of confinement at the JBCC. After a bench trial, the district court found in favor of Goff and awarded $2,250 in damages. The prison officials appeal. We reverse and remand.

I.

On January 15, 1990, Kevin Smith, an inmate at the JBCC, reported that he was injured. He was then transferred to the medical unit inside the Iowa State Penitentiary. Smith indicated that the injury resulted from a fall. Another inmate confidentially reported to an investigating correctional officer that a third party had witnessed Goff hitting Smith. This information was relayed to the prison investigator, Captain James Burton, who heads the Investigations Unit at the prison. On January 17, 1990, Burton questioned Smith, and Smith indicated that he had been hit by an inmate named "George." When shown a picture of George Goff, Smith identified him as the assailant.

On January 19, 1990, Warden Crispus C. Nix and Deputy Warden John Henry were served with notice of a lawsuit, *Rose v. Nix*, challenging the conditions of confinement at the JBCC. Goff was involved with initiating the *Rose v. Nix* lawsuit. Goff had been previously cleared for transfer to a minimum security facility which was scheduled to occur on January 24, 1990. Instead, on January 23, 1990, Goff was brought from the JBCC into the Iowa State Penitentiary for questioning regarding the Smith incident. Because he refused to speak with Burton, Goff was placed in investigative segregation on that same day. On February 9, 1990, disciplinary reports were issued alleging that Goff as-

saulted Smith. On February 21, 1990, the disciplinary committee found Goff guilty of the violation and sentenced him to 15 days detention, loss of 365 days of good time credit, and restriction to a maximum security cell for one year. Goff spent 225 days so confined.

On March 9, 1990, Goff filed a complaint in district court against Burton, Henry, and Nix alleging impermissible retaliation. After a trial on Goff's claim of retaliation, the district court held that Goff had established by a preponderance of the evidence that retaliation was a motivating factor in his transfer to and confinement in the maximum security correctional facility. The court found that the prison officials had failed to establish by a preponderance of the evidence that Goff would have been transferred and confined to a maximum security cell regardless of his litigation activities. The court awarded Goff $2,250, which represented $10 per day for the 225 days Goff spent restricted to a maximum security cell.

On appeal, the prison officials raise two issues. We reach only the first issue, which is whether the district court correctly applied the law in determining whether the prison officials' actions in transferring Goff inside the walls and disciplining him were retaliatory. We reverse and remand the case to the district court for further proceedings.

II.

Prison officials may not retaliate against an inmate for filing legal actions in the exercise of his constitutional right of access to the courts. *Goff v. Dailey*, 991 F.2d 1437, 1439 (8th Cir.1993); *Ponchik v. Bogan*, 929 F.2d 419, 420 (8th Cir.1991); *Sanders v. St. Louis County*, 724 F.2d 665, 666 (8th Cir.1983) (citations omitted). Goff alleges that he was retaliated against by his transfer to the maximum security facility and by his subsequent confinement to a maximum security cell on the disciplinary violation. The district court did not address separately the transfer and the punishment time for the disciplinary violation because it found the two to be "intertwined." *Goff v. Burton*,

*et al.,* No. 90–50135, slip op. at 3 (S.D.Iowa Dec. 31, 1992) (order).

## A.

■ Although "a prisoner enjoys no constitutional right to remain in a particular institution," *Murphy v. Missouri Dep't of Correction,* 769 F.2d 502, 503 (8th Cir.1985), and although generally prison officials "may transfer a prisoner 'for whatever reason or for no reason at all,'" *Olim v. Wakinekona,* 461 U.S. 238, 250, 103 S.Ct. 1741, 1748, 75 L.Ed.2d 813 (1983) (quoting *Meachum v. Fano,* 427 U.S. 215, 228, 96 S.Ct. 2532, 2540, 49 L.Ed.2d 451 (1976)), a prisoner cannot be transferred in retaliation for the exercise of a constitutional right. *Ponchik,* 929 F.2d at 420 (citing *Murphy); Murphy,* 769 F.2d at 503; *Garland v. Polley,* 594 F.2d 1220, 1223 (8th Cir.1979). In raising a retaliatory transfer claim, the prisoner must " 'face a substantial burden in attempting to prove that the actual motivating factor for his transfer' " was the impermissible retaliation. *Murphy,* 769 F.2d at 503 n. 1 (quoting *McDonald v. Hall,* 610 F.2d 16, 18 (1st Cir.1979)).

■ The district court questioned whether the language from *Murphy* regarding the prisoner's burden in a retaliatory transfer case was dicta that the Eighth Circuit might not follow because it was too stringent based upon *Mount Healthy City School Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). *Goff v. Burton, et al.,* No. 90–135–E, slip op. at 13–14 (S.D.Iowa Dec. 6, 1991) (findings of fact, conclusions of law, and order). The decision in *Mount Healthy* involves an employment case in which an employer declined to renew an employment contract with an untenured teacher, allegedly in retaliation for the employee's exercise of his First Amendment right. Under *Mount Healthy,* the plaintiff employee has the initial burden of showing that his constitutionally protected conduct was a motivating factor in the employer's decision not to rehire him: then the burden shifts, and the defendant employer must prove by a preponderance of the evidence that it would have reached the same decision in the absence of the protected conduct. *Id.* 429 U.S. at 287, 97 S.Ct. at 576. The district court applied the *Mount Healthy* burden-shifting analysis to Goff's claim against the prison officials instead of the more stringent standard stated in *Murphy,* i.e., that the prisoner must prove that retaliation was *the actual motivating factor* for the transfer.

■ In cases involving retaliatory transfer claims made by prisoners against prison officials, the Eighth Circuit has consistently characterized the burden essentially as stated in *Murphy.* For example, in *Ponchik v. Bogan,* 929 F.2d 419 (8th Cir.1991), this court stated:

> Nevertheless, upon review of the record, we conclude that the district court correctly applied the "but for" test in determining that [the prisoner]'s transfer would not have been requested, even had he not filed the lawsuits, because of his serious and repetitive misconduct.

*Id.* at 420 (citing *Murphy* and *McDonald); accord Orebaugh v. Caspari,* 910 F.2d 526, 529 (8th Cir.1990) (Heaney, J., concurring and dissenting) ("'To prevail on his retaliation claim, [the prisoner] has the concededly heavy burden of showing that the prison officials who disciplined him had an impermissible motive for doing so, and that but for this impermissible motive, the disciplinary charges would not have been brought." (citing *Murphy, McDonald,* and *Mount Healthy* )); *Hughes v. Whitmer,* 714 F.2d 1407, 1424 (8th Cir.1983) (finding no support for claim that the prisoner's protected conduct "was a 'motivating factor' behind the transfer decision, let alone the 'but for' cause of the transfer decision.") (citing *Mount Healthy* ), *cert. denied,* 465 U.S. 1023, 104 S.Ct. 1275, 79 L.Ed.2d 680 (1984). The extent of this heavy burden was made clear in *Ponchik* when this court rejected the prisoner's claim of retaliation—even where the prisoner's filing of lawsuits against the prison officials was "clearly a factor" in the transfer—because the prisoner failed to prove that the transfer would not have been made "but for" the prisoner's litigation activities. 929 F.2d at 420.

■ Therefore, while acknowledging *Mount Healthy,* this court has consistently applied the "but for" standard in cases in-

volving a prisoner's claim of impermissible retaliatory transfer by prison officials rather than applying a burden-shifting analysis. *Cf. Pletka v. Nix,* 957 F.2d 1480, 1483 (8th Cir.) (en banc) (official actions taken by prison authorities are presumed to be legal and constitutional), *cert. denied,* —— U.S. ——, 113 S.Ct. 163, 121 L.Ed.2d 111 (1992). One panel of the circuit may not overrule a decision issued by another panel of the court. *United States v. Brelsford,* 982 F.2d 269, 272 n. 5 (8th Cir.1992) (citation omitted). We hold that the district court erred in treating the "but for" standard in a retaliatory transfer case as dicta that could be ignored.

Furthermore, we find that the conclusions reached by the district court are insufficient for us to determine if the same result would have necessarily been reached under the appropriate standard. Reaching the initial step of the *Mount Healthy* analysis after careful fact finding, the district court held as follows:

> When this court considers the evidence in light of the totality of the circumstances, it is left with but one conclusion: plaintiff's transfer was motivated *in part* because he exercised his constitutional right to file lawsuits against the institution. The evidence on the record showing the chain of coincidences leading to the transfer of the plaintiff can lead this court to no other conclusion.

*Goff,* slip op. at 14 (emphasis added). Finding that an impermissible retaliatory motive was *a factor* is insufficient to establish a claim in a prisoner retaliatory transfer case. *Ponchik,* 929 F.2d at 420. The district court appeared to recognize this distinction when it stated that the "but for" standard "would be extraordinarily difficult for a prisoner to show." *Goff,* slip op. at 11. In applying the second step of the *Mount Healthy* analysis, the district court stated:

> While there may be some support in the record for the contention that Goff might have been transferred anyway, the quantum of evidence available does not amount to the preponderance of the evidence.

*Goff,* slip op. at 18 (footnote omitted). This conclusion that the prison officials did not prove by a preponderance of the evidence that Goff's transfer would have been imposed in the absence of Goff's litigation activities is also insufficient for two reasons. First, the court explicitly indicates that it did not reach this conclusion by applying a "but for" standard. Second, the conclusion was reached by inappropriately placing the burden of proof upon the prison officials. Under our cases discussed above, the burden is on the prisoner to prove that but for an unconstitutional, retaliatory motive the transfer would have not occurred. Therefore, we must remand this case to the district court to evaluate the facts under the correct "but for" standard.

## B.

■ Just as prison officials cannot lawfully transfer a prisoner for retaliatory reasons alone, so they cannot impose a disciplinary sanction against a prisoner in retaliation for the prisoner's exercise of his constitutional right. *Sprouse v. Babcock,* 870 F.2d 450, 452 (8th Cir.1989). However, if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail. *Orebaugh v. Caspari,* 910 F.2d 526, 528 (8th Cir.1990). "While a prisoner can state a claim of retaliation by alleging that disciplinary actions were based upon false allegations, no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform." *Id.* at 528; *see also Smith v. Erickson,* 961 F.2d 1387, 1388 (8th Cir.1992) ("[T]he district court correctly rejected [the prisoner]'s retaliation claim, as the alleged retaliatory disciplinary action was taken because [the prisoner] disobeyed a direct order.") (citing *Orebaugh* ). In this case, the district court found that Goff "made the specific claim that he was transferred in retaliation for his legal work and that the *fabricated* charge of assault played a major part in his transfer." We agree that this states a claim under *Orebaugh.*

The district court, however, did not continue the analysis under *Orebaugh* and determine if the discipline complained of was imposed for actual violations of prison rules. Instead it analyzed the case under *Mount*

*Healthy* because it indicated that *Orebaugh* was arguably not controlling. *Goff,* slip op. at 10–12. As explained above, *Mount Healthy* is a case involving an employment situation; whereas, *Orebaugh* involves the precise claim advanced here by *Goff,* i.e., a prisoner's claim of retaliatory punishment. We will not and cannot ignore or overrule a decision of another panel of this court. *See Brelsford,* 982 F.2d at 272 n. 5 (citation omitted). We find the holding in *Orebaugh* states the present law of the Eighth Circuit in cases involving a prisoner's claim of impermissible retaliatory disciplinary actions. *See Orebaugh,* 910 F.2d at 528. We review the validity of a disciplinary committee's determination that a prisoner committed a violation under the "some evidence" standard. *Goff v. Dailey,* 991 F.2d 1437, 1442 (8th Cir.1993). We hold that the district court erred by not applying *Orebaugh.*

Goff argues that the district court found in the alternative that insufficient evidence of the allegation that he hit Smith existed to even satisfy the "some evidence" standard. In determining that the prison officials failed to establish by a preponderance of the evidence that the disciplinary action was valid and was not taken for retaliatory purposes, the district court stated in a footnote:

> Even if the court is incorrect on the question of the application of [the "some evidence" standard], the court would still find for Goff in that the court does not find any credible evidence presented by the defendants on the record that supports the prison's actions.

*Goff v. Burton, et al.,* No. 90–135–E, slip op. at 18–19 n. 9 (S.D.Iowa Dec. 6, 1991). The district court noted that the evidence to support the prison's disciplinary action consisted of Smith's statement to Burton and the information obtained from the confidential prisoner informant. The district court did not find either source of evidence to be credible.

Although the district court may evaluate the reliability of a confidential informant under the "some evidence" standard, that minimal standard does "not require 'an independent assessment of the credibility of witnesses.'" *Ryan v. Sargent,* 969 F.2d 638, 641

(8th Cir.1992) (quoting *Freitas v. Auger,* 837 F.2d 806, 810 n. 8 (8th Cir.1988), and *Superintendent v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985)), *cert. denied,* —— U.S. ——, 113 S.Ct. 1000, 122 L.Ed.2d 150 (1993). Accordingly, in subsequent orders in the case the district court backed away from its purported alternative position with respect to whether there was "some evidence" of the violation by Goff.

> The "some evidence" standard is a minimal review of the record that does not allow for the kind of credibility determinations made by the court in this case. While the Court suggested that it might not find that "some evidence" supported the actions of the defendants, a state court judge might reach a different conclusion.

*Goff v. Burton, et al.,* No. 4–90–CV–50135, slip op. at 6 (S.D.Iowa Oct. 14, 1992) (citations omitted); *accord Goff v. Burton, et al.,* No. 90–50135, slip op. at 3 n. 1 (S.D.Iowa Dec. 31, 1992) (stating that it applied a preponderance standard to the prison officials rather than the "some evidence" standard and noting the "importance of the differing burdens of proof was discussed" in the October 14, 1992, order). We hold that the controlling "some evidence" standard was not properly applied in this case to determine whether Goff's claim of retaliatory punishment was proven as provided in *Orebaugh.*

### III.

For the reasons stated above, we reverse the judgment of the district court and remand the case to the district court for further proceedings consistent with this opinion.