USCA1 Opinion

 

 May 5, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1953 CHARLES J. OROPALLO, Plaintiff, Appellant, v. RICHARD L. PARRISH, ET AL., Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Paul J. Barbadoro, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ___________________ Charles J. Oropallo on brief pro se. ___________________ Jeffrey R. Howard, Attorney General, and Lucy C. Hodder, __________________ _______________ Assistant Attorney General, on brief for appellees. __________________ __________________ Per Curiam. Plaintiff-appellant Charles J. Oropallo, a __________ New Hampshire inmate, appeals pro se from the dismissal of his amended civil rights complaint for failure to state a claim. For the reasons stated below, we modify the dismissal in part, and, otherwise, affirm. BACKGROUND On June 8, 1993, appellant filed an in forma pauperis complaint in the district court alleging violations of 42 U.S.C. 1983, 1985 against various prison employees and officials, as well as against two fellow inmates. The complaint also included two pendent state law claims. The following facts were alleged by Oropallo, and we assume for purposes of this opinion that they are true. In early 1991, defendant Viola Lunderville, Administrator of Security, terminated appellant from his job at the prison recreation department. Appellant filed a civil suit regarding this termination.1 In April 1991, approximately six weeks after terminating appellant from his job, Lunderville allegedly conspired with defendant Richard L. Parrish, a prison official, to fabricate charges against appellant. Parrish subsequently authored a false disciplinary report stating that he had received information ____________________ 1. The complaint does not state when this suit was filed. -2- from two inmates leading him to search appellant's hobby craft locker where Parrish found state property.2 After what Oropallo alleges was a sham disciplinary hearing, he was found guilty of unlawful possession of state property. The guilty finding was upheld by defendant Michael Cunningham, the prison warden, and defendant Ronald Powell, Commissioner of the New Hampshire Department of Corrections. Thereafter, Oropallo filed a civil suit challenging the disciplinary proceeding. Since April 1991, and in connection with the "fabricated" charge, Oropallo allegedly has been banned from entering the North Yard area of the prison. Defendants Donald G. Robb and George R. Sasser, both prison employees, have allegedly participated in banning him from this area. Oropallo avers that he has been denied use of the prison gymnasium, hobby craft shop, North Yard ball field and attendance at a jazz concert and a power lifting event. Oropallo further avers that this "punishment" is in excess of that normally handed down for disciplinary violations.3 ____________________ 2. The complaint alleges that these two inmate informants, identified as defendants John Doe #1 and John Doe #2, conspired with Parrish to deprive appellant of his civil rights. 3. Although the complaint is far from clear on this point, it appears that the ban from entering the North Yard area of the prison and from participating in recreational activities was imposed prior to the disciplinary hearing. The ban is allegedly still in effect. It appears from Oropallo's brief that the sanctions imposed following the disciplinary hearing -3- In May 1992, Oropallo made inquiries of various prison officials, including defendant Powell, regarding his being banned from the North Yard area of the prison. Several days later, appellant's typewriter and legal papers were confiscated by defendant Loran Ackerman, a prison official. Appellant filed a civil suit contesting the confiscation of his legal materials. Based on these facts, the complaint alleged a violation of Oropallo's constitutional rights to due process and equal protection, citing the Fifth, Ninth and Fourteenth Amendments to the Constitution. In addition, the complaint alleged that Oropallo has been unconstitutionally subjected to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. The complaint was initially referred to a magistrate judge (hereinafter, magistrate) who reviewed it prior to completing service. See 28 U.S.C. 1915(d); Neitzke v. ___ _______ Williams, 490 U.S. 319, 327-28 (1989) (to avoid wasteful ________ litigation, under 1915(d) the court may dismiss claims which are based on indisputably meritless legal theories or delusional factual scenarios). The magistrate concluded that Oropallo's "claims concerning attendance at the jazz concert and special event and use of the hobby craft shop and ball ____________________ and guilty finding were suspended loss of good time and suspended punitive segregation time. -4- field are frivolous," and that his claim concerning deprivation of exercise is insufficient to make out an actionable constitutional violation. The magistrate granted Oropallo thirty days in which to amend his complaint or face a recommendation of dismissal. Oropallo filed an amended complaint which restated his 1983 causes of action as claims for harassment, constituting cruel and unusual punishment, and discrimination, in violation of his rights to due process and equal protection. The amended complaint was otherwise identical to the original complaint. Oropallo did not aver that the alleged discrimination was directed towards him as a member of a particular class, or offer any other reason for the alleged disparate treatment. After reviewing Oropallo's amended complaint, the magistrate recommended that the complaint be dismissed for failure to state a claim.4 See Forte v. Sullivan, 935 F.2d ___ _____ ________ 1, 3 (1st Cir. 1991) (a district court may sua sponte dismiss an in forma pauperis complaint for failure to state a claim following notice and an opportunity to amend in a manner that would satisfy the procedural safeguards of Fed. R. Civ. P. 12(b)(6)). In support of his recommendation, the magistrate stated: ____________________ 4. The magistrate did not state whether this dismissal was intended to be pursuant to 1915(d) or Fed. R. Civ. P. 12(b)(6). -5- In his original complaint, plaintiff alleged that he had been deprived of certain recreational activities. Plaintiff was ordered to amend his complaint to state facts that show an indefinite limitation on exercise that could be harmful to his health. However, the amended complaint does no more than repeat the conclusory allegations of plaintiff's initial complaint, namely, that he has been deprived of "various recreational activities." Amended Complaint at paras. 29, and 30. Thus, the court finds that plaintiff has failed to show that he has suffered any constitutional deprivation. Oropallo filed a timely objection in which he disavowed ever making a claim concerning lack of exercise, and argued that he had stated a valid claim for harassment and discrimination in violation of 1983. In his objection, Oropallo, for the first time, articulated a motive for the alleged discrimination. Oropallo stated that he was being discriminated against in retaliation for the exercise of his first amendment right to file complaints. The district court reviewed the matter, and approved the magistrate's report without stating additional reasons. Judgment of dismissal entered on August 12, 1993. This appeal ensued. DISCUSSION Oropallo argues that his amended complaint should not have been dismissed because it states valid claims under 1983 for violations of his constitutional rights to be free -6- from cruel and unusual punishment, to equal protection, to proceduraldue process,and topetition thecourts.5 We disagree. Since appellant was placed on notice of the inadequacy of his complaint and has had an opportunity to amend, we construe the dismissal of his amended complaint for failure to state a claim as a Rule 12(b)(6) dismissal. See Guglielmo ___ _________ v. Cunningham, 811 F. Supp. 31 (D.N.H. 1993). Appellate __________ review of a dismissal under Rule 12(b)(6) is plenary. See, ___ e.g., Miranda v. Ponce Fed. Bank, 948 F.2d 41, 44 (1st Cir. ____ _______ ________________ 1991). The standard for assessing the adequacy of a civil rights claim is whether, accepting the factual allegations in the complaint as true, and construing these facts in the light most favorable to the plaintiff, the pleading shows any fact which could entitle the plaintiff to relief. See, e.g., ___ ____ Leatherman v. Tarrant County Narcotics Intelligence & __________ ____________________________________________ Coordination Unit, 113 S. Ct. 1160, 1161-63 (1993); Gooley v. _________________ ______ Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). Because _______________ appellant appears pro se, we read his complaint with an extra ____________________ 5. Oropallo does not raise on appeal the dismissal of his 42 U.S.C. 1985 claim and it is, therefore, deemed waived. Even if we were to address this issue, we would hold that this claim was properly dismissed. Appellant does not specify the subsection of 1985 upon which he relies. However, the complaint can only conceivably be construed as asserting a claim under 1985(3) which prohibits conspiracies to interfere with the civil rights of individuals. As so construed, the complaint fails to state a cause of action because plaintiff does not allege that defendants' actions were directed at a protected class. See ___ Bray v. Alexandria Women's Health Clinic, 113 S. Ct. 753 ____ __________________________________ (1993). -7- degree of solicitude. Rodi v. Ventetuolo, 941 F.2d 22, 23 ____ __________ (1st Cir. 1991). Oropallo's procedural due process claim is far from clear. The disciplinary hearing that appellant claims was a sham is the subject of an independent complaint, and he disavows any intent to challenge that proceeding in the instant amended complaint. Instead, appellant's theory appears to be that since the deprivations he complains of were not imposed as sanctions following this disciplinary hearing, or following any other hearing, they were unconstitutionally imposed without any process. This claim, however, must fail if there is no liberty interest in the activities he alleges he has been denied. See, e.g., Kentucky Dep't of Corrections v. Thompson, 490 ___ ____ _______________________________ ________ U.S. 454 (1989) (holding that visitation privileges could be suspended without hearing where no liberty interest in receiving visitors existed). Appellant has abandoned any allegation that he has been deprived of adequate exercise, and the Constitution does not create an enforceable interest in recreational programs designed to relieve the boredom of prison life. Although liberty interests may be rooted in state law, none of the prison rules invoked by the appellant could conceivably be interpreted as creating an entitlement to recreation. -8- We need not devote much attention to Oropallo's Eighth Amendment claim. The deprivations Oropallo complains of are not sufficiently weighty to implicate the Eighth Amendment's ban on cruel and unusual punishment. See Hudson v. ___ ______ McMillian, 112 S. Ct. 995, 1000 (1992) (stating that only _________ those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation). Appellant's claim that he has been denied equal protection because prison officials imposed harsher sanctions on him than on others "similarly situated" also fails. A person bringing an action under the equal protection clause of the Fourteenth Amendment must either show a violation of a fundamental right or "intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." Huebschen v. _________ Department of Health & Social Services, 716 F.2d 1167, 1171 _______________________________________ (7th Cir. 1983). There is no fundamental right to recreational activities, and Oropallo makes no allegation that race, religion or the like were at work here. Finally, we address plaintiff's retaliation claim. It is well established that conduct which is not otherwise constitutionally deficient is actionable under 1983 if done in retaliation for the exercise of constitutionally protected first amendment freedoms. See Ferranti v. Moran, 618 F.2d ___ ________ _____ -9- 888, 892 n.4 (1st Cir. 1980) ("[A]ctions otherwise supportable lose their legitimacy if designed to punish or deter an exercise of constitutional freedoms."); see also ________ Goff v. Burton, 7 F.3d 734, 738 (8th Cir. 1993) (prison ____ ______ officials cannot lawfully impose a disciplinary sanction against a prisoner in retaliation for the prisoner's exercise of his constitutional right). In McDonald v. Hall, 610 F.2d ________ ____ 16, 18 (1st Cir. 1979), we held that an inmate's allegations that he was transferred to another prison in retaliation for having earlier filed actions against prison officials sufficed to state a cause of action. However, even if we construe Oropallo's amended complaint liberally to include his later allegation of retaliation, we think his complaint falls short of stating a cause of action. In contrast to Ferranti and McDonald, where ________ ________ we found that the allegations were sufficient, it cannot be said that Oropallo has set forth a chronology of events which warrants an inference of retaliation. See Ferranti, 618 ___ ________ F.2d at 892 (inference of retaliation warranted from the chronology of events recited and from the allegation that appellant's first suit complains of prison conditions and is directed at prison officials); McDonald, 610 F.2d at 18 ________ (chronology of events provided support for inference of retaliation). Admittedly, Oropallo does detail in his complaint various lawsuits he has filed directed at prison -10- officials. However, it is unclear, based on the complaint, whether any of Oropallo's lawsuits antedates the decision to ban him from the North Yard area of the prison and from participating in recreational activities. If the ban was imposed prior to the lawsuits, Oropallo's claim of retaliation is seemingly without basis. Although we are persuaded that Oropallo has failed to state a claim for retaliation, the defect is one that might easily be cured by amendment. In light of appellant's pro se status, and because the district court did not address this claim, we think the dismissal should be modified to be without prejudice to the plaintiff's filing a second amended complaint realleging this claim. Furthermore, since appellant's pendent state claims were not addressed below, he should be permitted to reallege these claims. The dismissal of plaintiff's remaining claims is affirmed with prejudice. Affirmed as modified. ________ ________ -11-