29 F.3d 627
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Eric Preston CLARK, Appellant,
v.
- BANNISTER, C.O. I; Henry Jackson; James Eberle, Major;
Robert Acree; Dick D. Moore, Director; Michael Groose,
Superintendent;-Bright, Sargeant; Earl Halderman; Mark
Kesel, Corrections Officer, Property Room Officer, Appellees.
 No. 93-3467.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 2, 1994.
Filed: July 18, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eric Preston Clark, a Missouri inmate, appeals from the district court's[1] order granting summary judgment in favor of defendants in this 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Clark alleged that various Jefferson City Correctional Center (JCCC) officials (1) racially discriminated against him by preparing a false report accusing him of assaulting a corrections officer, (2) denied him due process in the subsequent disciplinary hearing, (3) found him guilty of the assault in retaliation for previous lawsuits Clark had filed, and (4) denied him access to the courts by not allowing him reasonable access to his legal materials while he was housed in administrative segregation. Both parties moved for summary judgment. Over Clark's objections, the district court granted the defendants' motion for summary judgment.
 
 
 3
 We review de novo the grant of summary judgment. See McMaster v. Pung, 984 F.2d 948, 951 (8th Cir. 1993). Clark's unsupported allegation of racial discrimination cannot survive summary judgment in light of evidence that he was not treated dissimilarly. See Abdullah v. Gunter, 949 F.2d 1032, 1037 (8th Cir. 1991), cert. denied, 112 S. Ct. 1995 (1992).
 
 
 4
 The decision of the disciplinary board meets due process requirements if the inmate gets notice of the violation and an opportunity to state a defense, and there exists some evidence supporting the action taken by the prison officials. Goff v. Dailey, 991 F.2d 1437, 1440 (8th Cir.), cert. denied, 114 S. Ct. 564 (1993). The district court correctly concluded that Clark's disciplinary hearing met these minimum due process requirements and that the report of Officer Bannister provided a basis-in-fact for the disciplinary board's finding that Clark assaulted Officer Bannister. See Hrbek v. Nix, 12 F.3d 777, 781 (8th Cir. 1993). Clark's assertion that he was denied the opportunity to present witnesses lacks merit because Clark did not present any evidence that he requested witnesses or that defendants denied him an opportunity to present witnesses.
 
 
 5
 To the extent Clark argues that defendants violated state prison policies regarding disciplinary hearings, a violation of state procedural guidelines does not state an independent federal claim. Hughes v. Lee County Dist. Ct., 9 F.3d 1366, 1367 (8th Cir. 1993). Clark's retaliation claim likewise must fail, because officials imposed the discipline against Clark for actual violations of prison rules and regulations. Goff v. Burton, 7 F.3d 734, 738 (8th Cir. 1993), cert. denied, 62 U.S.L.W. 3825 (U.S. June 13, 1994) (No. 93-8800).
 
 
 6
 As to Clark's claim that prison officials deprived him of his constitutional right of access to the courts by taking his legal papers and then misplacing them and claiming not to have them, Clark fails to show that the officials intentionally deprived him of access to the courts. The record supports only an isolated incident of negligence that kept Clark from accessing his papers for a limited period of time. The showing of no more than a negligent act does not support a claim of deprivation of constitutional rights. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Johnson-El v. Schoemehl, 878 F.2d 1043, 1051 n. 5 (8th Cir. 1989).
 
 
 7
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri