IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40005
_____


DAVID R. RUIZ,

                                             Plaintiff-Appellee,
                           and
CURTIS R. CLOWDUS,

                                                    Plaintiff,
                         versus

JAMES A. LYNAUGH; LARRY CROW; G. B. FLOWERS;
M. SHARP, Captain; FNU ENGLAND, Sgt;
D. LANMAN; MISSY SMITH; FNU GRIFFIN; B. MILES;
EDUARDO GARCIA; OLGA A. PERRY; FNU STRICKLAND;
GREG BARNHART; CATHY BURRIS,

                                                   Defendants,
                           and

SAMUEL BENNETT; WILLIAM MEIER,

                                         Defendants-Appellants.

_____

        Appeal from the United States District Court for the
                   Eastern District of Texas
                        (89-CV-497)
_____

                        June 26, 1996
Before JOLLY, DUHÉ, and STEWART, Circuit Judges.

PER CURIAM:[*]

_____

        [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Two correctional officers appeal judgments entered against them for retaliatory actions that they took against a prison "writ writer." We reverse in part, vacate in part and remand.

David Ruiz ("Ruiz"), an inmate well-known throughout the Texas prison community for his high-profile role in prisoner reform litigation, filed a civil rights action under 42 U.S.C. § 1983 against nineteen prison employees. Ruiz alleged that the prison employees had violated his constitutional rights in retaliation for his participation in class action litigation against the Texas penal system. See Ruiz v. Estelle, 679 F.2d 1115 (5th Cir. 1982). A jury found that two of the named defendants, Robert Bennett ("Bennett") and William Meier ("Meier"), retaliated against Ruiz and were liable for damages. Specifically, the jury found that Bennett retaliated against Ruiz by searching Ruiz's cell and confiscating certain items. The jury also found retaliation on the part of Meier, who had searched Ruiz's cell and left it in a state of disarray. However, in both cases, the jury found that each correctional officer would have engaged in the same conduct even in the absence of a retaliatory motive and therefore awarded Ruiz with only two dollars in nominal damages.

Thereafter, in ruling upon Ruiz's posttrial motion for equitable relief, the district court entered a declaratory judgment

against Bennett[1] and a permanent injunction against Meier.[2]   At the same time, the district court entered a partial final judgment that ordered Bennett and Meier to pay one dollar each in nominal damages to Ruiz; the judgment also dismissed all other claims and defendants to the lawsuit.[3]  Bennett and Meier noticed an appeal of the district court's partial final judgment, permanent injunction, declaratory judgment and memorandum opinion regarding the award of equitable relief.

---

[1]The declaratory judgment states in relevant part:

> **DECLARED** that defendant Robert Bennett violated plaintiff David Ruiz's Constitutional rights by retaliating against him for his legal and other expressive activity by means of confiscating a therapeutic rubber ball and typewriter hinge from plaintiff David Ruiz's prison cell.

[2]The permanent injunction states in relevant part:

> ... defendant William Meier ... is hereby **PERMANENTLY ENJOINED** from searching plaintiff David Ruiz's cell and leaving it in a state of disarray in retaliation for Plaintiff David Ruiz's legal or other expressive activities.

[3]In its listing of the dismissed defendants, the district court's partial final judgment does not expressly mention one named defendant to this lawsuit, Greg Barnhart.  We note however that, apart from an opening statement reference made by Ruiz's counsel to defendant "John Barnhart," the claims related to Greg Barnhart were not presented at trial.  In addition, the record contains nothing to indicate that Ruiz successfully served Barnhart on or prior to November 3, 1994, the service compliance date imposed by order of the district court.  Therefore, despite some ambiguity in the record, we conclude that Greg Barnhart was not a defendant at the time of trial and that the partial final judgment did indeed dismiss all remaining defendants to this lawsuit.

I

Before reaching the merits of this appeal, we address <u>sua sponte</u> our appellate jurisdiction of this matter. Federal circuit courts only have jurisdiction over three types of appeals: (1) final orders, 28 U.S.C. § 1291; (2) certain specific types of interlocutory appeals, such as those where injunctive relief is involved, 28 U.S.C. § 1292(a)(1); and (3) an appeal that the district court has certified as final pursuant to Federal Rule of Civil Procedure 54(b), 28 U.S.C. § 1292(b). <u>Dardar v. LaFourche Realty Co., Inc.</u>, 849 F.2d 955, 957 (5th Cir. 1988). In a multiparty lawsuit such as this one, a district court order is final only if it adjudicates the claims or the rights and liabilities of all the parties, or if it expressly determines that there is no just reason for delay and expressly directs the entry of judgment. FED. R. CIV. P. 54(b); <u>see also</u>, <u>e.g.</u>, <u>Jetco Electronic Industries, Inc. v. Gardiner</u>, 473 F.2d 1228, 1231 (5th Cir. 1973). The record before us includes a "Partial Final Judgment" of the district court, but nothing that resembles a Rule 54(b) certification. While we clearly have appellate jurisdiction to hear an appeal from the grant of an injunction, the appellants ask us to review and rule upon much more than the permanent injunction that was entered against Meier.

Previously in this circuit, we have taken a "practical, not technical" approach to finality.  Jetco, 473 F.2d at 1231.  We have held that a series of orders, considered together, may dispose of all claims and all parties to a lawsuit and thereby terminate the litigation just as effectively as a single, final order of the district court.  Id.; see also Riley v. Wooten, 999 F.2d 802, 804-05 (5th Cir. 1993).  Collectively considered, the district court's partial final judgment, permanent injunction and declaratory judgment dispose of all claims or rights and liabilities of all remaining parties to this litigation.[4]  We therefore exercise our appellate jurisdiction and turn to the merits of this appeal.

II

Our disposition of the substantive merits of this appeal is controlled by Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995), cert. denied, 116 S.Ct. 800 (1996).  In Woods, our court reviewed the

_____

[4]We note in passim that Ruiz's motion for attorney's fees under 42 U.S.C. § 1988 remains outstanding and subject to a stay of the district court pending resolution of this appeal.  The question whether judgments are final and appealable prior to a ruling on section 1988 attorney's fees was addressed by our court in Cobb v. Miller, 818 F.2d 1227 (5th Cir. 1987).  In Cobb, we concluded that, because of the collateral nature of the outstanding section 1988 fee question in that case, the district court's judgment on the merits was final and appealable.  Our reasoning in Cobb is applicable to this case, and we therefore conclude that the outstanding section 1988 fee issue here does not bar our exercise of appellate jurisdiction over the district court's cumulative judgments.

denial of a motion for summary judgment in a section 1983 prisoner retaliation case and held that prisoners must satisfy a "but for" standard in such cases. Id. at 1166. Recognizing that this standard places a significant burden on the inmate, we nonetheless held that an inmate fails to state a claim of retaliation if he is not "prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred." Id.

Our court is not alone in applying the "but for" standard to prisoners' retaliation claims. The Eighth Circuit has consistently adhered to this same standard in reviewing retaliatory transfer claims filed against prison officials. E.g., Goff v. Burton, 7 F.3d 734, 738-39 (8th Cir. 1993) (reversing district court's posttrial judgment in favor of prisoner because district court failed to evaluate trial evidence under the correct "but for" standard); Ponchik v. Bogan, 929 F.2d 419, 420 (8th Cir. 1991) (despite fact that prisoner's filing of lawsuits was a clear factor in his transfer, prisoner's claim of retaliatory transfer failed because officials would have requested the transfer notwithstanding the prisoner's litigation activities); Orebaugh v. Caspari, 910 F.2d 526, 529 (8th Cir. 1990) (to prevail on retaliation claim, prisoner has heavy burden of showing that, but for an impermissible motive on the part of prison officials, disciplinary charges would not have been brought).

Because the jury found as a fact that Bennett and Meier would have engaged in the same conduct even without a retaliatory motive, Ruiz did not establish, as required by <u>Woods</u>, that but for the retaliatory motive the complained of incidents would not have occurred. <u>Woods</u>, 60 F.3d at 1166. We therefore conclude as a matter of law that Ruiz failed to satisfy this circuit's "but for" standard and, accordingly, failed to prove his claim of retaliation. The district court's permanent injunction against Meier and its declaratory judgment against Bennett are VACATED. The district court's partial final judgment awarding nominal damages to Ruiz is REVERSED and REMANDED for further proceedings consistent with this opinion.

VACATED in part, REVERSED in part, and REMANDED.