**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2972

_____

William Wentworth Foster,     *
    *
      Appellant,     *
    *   Appeal from the United States
    v.     *   District Court for the
    *   Eastern District of Missouri.
Paul K. Delo, Superintendent,     *
    *       [PUBLISHED]
      Appellee.     *

_____

Submitted: October 7, 1997
Filed: November 17, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN, and BEAM, Circuit
     Judges.

_____

PER CURIAM.

William Foster, an African-American Missouri inmate, appeals the district court's grant of summary judgment for defendant Paul Delo in this 42 U.S.C. § 1983 action. We affirm in part and reverse and remand in part.

Foster alleged that Delo, who was the prison superintendent at the Potosi Corrections Center (PCC), violated the Equal Protection Clause of the Fourteenth Amendment by selectively enforcing a January 1991 PCC policy (the policy) requiring inmates to purchase electronic equipment from the PCC canteen. Specifically, he

claimed Delo had allowed white inmates to receive electronic equipment from outside sources, but had denied Foster's repeated requests to purchase a television and stereo from an outside retail store. Foster also claimed Delo's denial of permission was in retaliation for Foster's numerous lawsuits against Delo.

Delo moved for summary judgment, attaching his own affidavit, in which he attested that he had allowed certain identified inmates to receive electronic equipment pursuant to a "grandfather" exception for inmates who, before the policy went into effect, had already ordered electronic equipment from an outside source, or had transferred into PCC with unauthorized equipment. Delo attested he denied Foster's request because it did not fit within any recognized exception to the policy. In response, Foster provided his own affidavit, attesting that he had talked to four white inmates, including two identified by Delo as being allowed to transfer into PCC with equipment they already possessed. Foster recited the details of his conversation with these inmates, which revealed that, since the policy went into effect, each had been allowed to receive electronic equipment he had not previously possessed or ordered.

The district court granted summary judgment in favor of Delo, concluding Foster had failed to demonstrate the white inmates were similarly situated, or that Delo denied Foster's requests in retaliation for his numerous lawsuits against prison officials. The district court subsequently denied Foster's motion for reconsideration.

We conclude the district court properly granted summary judgment in favor of Delo on Foster's retaliation claim, as Foster did not produce evidence that his request for a new stereo and television would not have been denied but for the motive of retaliation for his filing numerous lawsuits against prison officials. See Goff v. Burton, 7 F.3d 734, 737 (8th Cir. 1993), cert. denied, 512 U.S. 1209 (1994).

We conclude the district court erred, however, in granting Delo summary judgment on Foster's equal protection claim. Foster submitted an affidavit relating the

conversations he had had with four white inmates, each of whom indicated he had received more favorable treatment from Delo than Foster had; these statements would create a genuine issue as to Delo's explanation of the exceptions granted to two white inmates, and as to exceptions allowed other white inmates. See Klinger v. Department of Corrections, 31 F.3d 727, 731 (8th Cir. 1994) (for equal protection claim, plaintiff must allege different treatment of similarly situated individuals), cert. denied, 115 S. Ct. 1177 (1995). We conclude Foster's further attestations, that he could not obtain these inmates' affidavits because they feared retaliation from prison officials, sufficiently demonstrated his inability to present opposing evidence, warranting denial of summary judgment. See Fed. R. Civ. P. 56(f) (when affidavits of party opposing summary judgment reflect that party cannot "present by affidavit facts essential to justify the party's opposition," court may refuse summary judgment application, order continuance, or make other order); La Batt v. Twomey, 513 F.2d 641, 650 (7th Cir. 1975) (reversing grant of summary judgment where prisoner submitted unverified response making several material offers of proof and stating that "the strenuous security system within the prison prevented him from securing affidavits"); cf. Nickens v. White, 622 F.2d 967, 970 (8th Cir.) (affirming grant of summary judgment to defendants where plaintiff prisoner stated only that he could not gather information because he was imprisoned), cert. denied, 449 U.S. 1018 (1980).

We conclude the district court acted within its discretion when it denied Foster's motion for appointment of counsel. See Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991), cert. denied, 504 U.S. 930 (1992). If on remand, however, Foster renews his motion for appointment of counsel, the district court is free to consider it. We also deny Foster's motion to supplement the record on appeal. See Dakota Indus., Inc. V. Dakota Sportswear, Inc., 988 F.2d 61, 63 (8th Cir. 1993).

Accordingly, we affirm the grant of summary judgment to Delo on Foster's retaliation claim, reverse the grant of summary judgment on Foster's equal protection claim, and remand to the district court for further proceedings.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.