# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1865

_____

Walter B. Farver, Sr.,           *
                                        *

           Appellant,        *

                                        *

    v.                                     *

                                        *

Robert Vilches, Classification Officer,   *   Appeal from the United States
Pine Bluff Regional Jail, Arkansas      *   District Court for the
Department of Correction, originally    *   Eastern District of Arkansas.
sued as R. Vilches; Larry Hicks, Lt.,    *
Pine Bluff Regional Jail, Arkansas      *    [PUBLISHED]
Department of Correction, originally    *
sued as Lt. Hicks,                  *
                                        *

           Appellees.        *

_____

Submitted: September 3, 1998
Filed: September 10, 1998

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Walter B. Farver, an Arkansas prisoner, appeals from the district court's[1] order granting summary judgment in favor of defendant prison officials in this 42 U.S.C. § 1983 action.  We affirm.

Farver alleged he filed a grievance against classification officer Robert Vilches after Vilches denied Farver's request to be relieved of his job in the Jefferson County Jail's kitchen based on a medical condition.  Farver claimed that defendant Vilches and defendant Lt. Larry Hicks retaliated against Farver for filing a grievance by transferring him to a different prison, denying him access to the law library on January 11, 1996, issuing a false disciplinary against him on that occasion, and having another officer check up on Farver to determine whether Farver had lifted weights.  The district court granted defendants' summary judgment motion.

This court reviews a grant of summary judgment de novo, applying the same standard as the district court, and affirming if the record, viewed in the light most favorable to the nonmoving party, shows there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).

We conclude the district court correctly granted summary judgment.  To prevail on his retaliatory-transfer claim, Farver would have to prove that the transfer was motivated by impermissible retaliation.  See Goff v. Burton, 7 F.3d 734, 737 (8th Cir. 1993), cert. denied, 512 U.S. 1209 (1994).  The defendants produced evidence that the jail's food service was in need of inmates capable of performing their job assignments, and that Farver, who asserted his medical condition prevented him from performing his

---

[1]The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

food service job, was transferred so that the jail could receive inmates who could work in food service. Farver produced no evidence suggesting that he was transferred because he filed a grievance, rather than because he indicated that he was not medically capable of working in the jail's kitchen. Cf. Ponchik v. Bogan, 929 F.2d 419, 420 (8th Cir. 1991) (prisoner must establish transfer would not have occurred "but for" exercise of constitutional right; rejecting retaliatory-transfer claim even where filing of lawsuits against officials was clearly a factor in transfer, because prisoner did not prove transfer would not have been made "but for" litigation).

As to the January 11, 1996 disciplinary issued by defendant Hicks, Farver never contradicted defendants' evidence that, on that occasion, Hicks ordered Farver to leave the hallway and that Farver responded to the order insolently. See Goff , 7 F.3d at 738 (although prison official may not impose disciplinary sanction against prisoner in retaliation for prisoner's exercise of constitutional rights, claim of retaliatory discipline fails when discipline imposed was for actual violation of prisoner rules).

Assuming that Hicks's order prevented Farver from using the jail's law library on that day, Farver still failed to establish he was denied access to the courts, as he neither claimed nor demonstrated that he suffered any actual prejudice. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996) (to prevail on an access-to-courts claim, prisoner must show denial of access to adequate law library or other legal assistance and actual injury); Klinger v. Department of Corrections, 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic). Finally, Vilches did not violate any constitutional right of Farver's by attempting to discover whether Farver was lifting weights.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.