# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1466

_____

Patrick Haltiwanger,                    *
                                        *
        Appellant,                      *
                                        *
    v.                                  *   Appeal from the United States
                                        *   District Court for the
Max Mobley, Deputy Director,            *   Eastern District of Arkansas
Arkansas Department of Correction;      *
S. Goldman, Nurse, Maximum              *        [UNPUBLISHED]
Security Unit, Arkansas Department      *
of Correction; L. Engstrom, Nurse,      *
Maximum Security Unit, Arkansas         *
Department of Correction,               *
                                        *
        Appellees.                      *

_____

Submitted:  August 18, 2000

Filed:  September 25, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.
                            _____

PER CURIAM.

Arkansas inmate Patrick Haltiwanger appeals from the final judgment entered
in the District Court for the Eastern District of Arkansas, dismissing without prejudice
his 42 U.S.C. § 1983 action prior to service and pursuant to 28 U.S.C. § 1915A(b)(1)

for failure to state a claim. Haltiwanger filed this action against Arkansas Department of Correction Deputy Director of Health Max Mobley and Tucker Maximum Security Unit Nurses S. Goldman and L. Engstrom, claiming that they were deliberately indifferent to his serious medical needs and that Mobley's delay in responding to his grievances denied him due process. For the reasons discussed below, we affirm in part, reverse in part, and remand.

We review § 1915A(b)(1) dismissals de novo. See Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam). We conclude that Haltiwanger failed to state a due process claim against Mobley for not responding sooner to his grievances, and we affirm the dismissal of this claim. See Hughes v. Lee County Dist. Court, 9 F.3d 1366, 1367 (8th Cir.1993) (assertion that state violated its own procedural guidelines does not state federal claim).

We reverse, however, the dismissal of Haltiwanger's Eighth Amendment deliberate indifference claim. We conclude Haltiwanger stated a claim, because he alleged facts showing defendants knew of, yet deliberately disregarded, his serious medical needs. See Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). Construing his pro se complaint liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and accepting the allegations as true, cf. Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998) (review of Fed. R. Civ. P. 12(b)(6) dismissals for failure to state claim), it appears Haltiwanger did not receive his blood pressure medication one day when Goldman did not run a scheduled pill call, and his blood pressure rose as a result. Goldman thereafter periodically refused to give him his medication and attempted to give him the wrong medication in retaliation for his rejecting her sexual advances. Mobley and Engstrom failed to rectify this situation, despite Haltiwanger's repeated grievances, in that Goldman continued to deprive him of his medication. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (deliberate indifference includes intentional interference with prescribed treatment); see also Wakefield v. Thompson, 177 F.3d 1160, 1165 (9th Cir. 1999) (allegation that prison

official has ignored instructions of prisoner's treating physician by not dispensing prescribed medication is sufficient to state deliberate indifference claim); Hudson v. McHugh, 148 F.3d 859, 863-64 (7th Cir. 1998) (where inmate alleged jail intake officers and nurse knew about his epilepsy, knew he was not getting his prescribed medication, and did nothing about it despite his repeated requests, inmate stated Eighth Amendment claim). We do not construe Haltiwanger's allegations of sexual harassment and retaliation as separate claims, but as part of his deliberate indifference claim against Goldman. On remand, Haltiwanger should be permitted to develop these allegations as they relate to the issue of deliberateness.

Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.