# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-2564

———————

Gerald Leroy Conway,

              Appellant,

v.

Unknown Goins, Officer,

              Appellee.

Appeal from the United States
District Court for the Eastern
District of Missouri.

[UNPUBLISHED]

———————

Submitted: September 13, 2002

Filed: October 7, 2002

———————

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

———————

PER CURIAM.

Missouri inmate Gerald Leroy Conway brought this 42 U.S.C. § 1983 action alleging various constitutional claims against several prison guards. The district court* dismissed all the claims except one against Sergeant Char-Lyne Goins alleging she "took and destroyed [Conway's] gloves in retaliation for filing grievances against [prison employees Jennifer] Sachse and [Mary] Riordan." Goins filed a motion for

———————

*The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

summary judgment, attaching her affidavit stating she ordered Conway to leave the prison cafeteria because she found he was not scheduled to work that day, she had him escorted out of the cafeteria when he disobeyed her order, and she confiscated his gloves because she believed he had stolen them and "for no other reason," and she was not aware of Conway's claims against Sasche and Riorden, who both worked at a different prison than Goins. Conway did not controvert the affidavit with his own or any other sworn testimony, and submitted no evidence setting forth specific facts to show Goins knew of Conway's claims against Sashe and Riorden. The district court concluded that because Goins was not aware of Conway's claims, Goins's actions could not have been taken in retaliation for them. The district court granted summary judgment to Goins, and Conway appeals pro se.

Conway first contends the allegations in his verified complaint are sufficient to overcome Goins's affidavit. We disagree. Conway's complaint merely alleges Goins "is associated with officials Sachse and Riorden, and was privileged to each incident [involving Sachse and Riorden] referred to above." These allegations are conclusory and do not satisfy the "specific facts showing" required by Fed. R. Civ. P. 56(e). Likewise, Conway's late affidavit in opposition to summary judgment contains no specific facts refuting Goins's lack of knowledge about Conway's claims against Sachse and Riorden. Even now in his brief, Conway does not point to any specific facts showing Goins's knowledge.

Conway next contends there are other material facts in dispute, specifically, whether Goins's alleged actions were motivated by Conway's refusal to obey Goins's direct order to leave the prison cafeteria's food service area, by Conway's witness testimony in a federal action on behalf of another inmate, or by Conway's claims against Sachse and Riorden. The first two alleged reasons are beyond the allegations of Conway's complaint, however. Further, an inmate cannot premise a retaliation claim on his refusal to obey a direct order. Smith v. Erickson, 961 F.2d 1387, 1388 (8th Cir. 1992) (per curiam). In any event, the district court properly granted summary

-2-

judgment on Conway's retaliation claim because Conway has not produced evidence that Conway acted with an impermissible motive and that his gloves would not have been taken but for the impermissible motive. Foster v. Delo, 130 F.3d 307, 308 (8th Cir. 1997) (per curiam); Goff v. Burton, 7 F.3d 734, 738 (8th Cir. 1993).

Conway also argues he was denied sufficient time to respond to Goins's motion for summary judgment. Conway waived this argument because he did not ask the district court for additional time to respond to Goins's motion. Further, Conway fails to assert any prejudice.

Last, Conway asks us to review the district court's earlier dismissal of the defendants other than Goins. In his notice of appeal, however, Conway only referred to the district court's summary judgment order and the denial of his motion to alter or amend that judgment. We thus lack jurisdiction to review the earlier partial dismissal order. See Klaudt v. United States Dep't of Interior, 990 F.2d 409, 411 (8th Cir. 1993).

We affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.