# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1163

_____

Frederick P. Davis

*Plaintiff - Appellant*

v.

Timothy R. Lancaster, Administrative Investigation Officer, Potosi Correctional Center, Individually and Officially; Troy Steele, Warden, Potosi Correctional Center, Individually and Officially; Fred Johnson, Deputy Warden, Potosi Correctional Center, Individually and Officially; Robert Savage, Grievance Officer, Potosi Correctional Center, Individually and Officially; Sheri Shawver, Case Manager/Worker, Potosi Correctional Center, Individually and Officially; Stanley Pruitt, Case Manager/Worker, Potosi Correctional Center, Individually and Officially; Dan Bryan, Functioning Unit Manager, Potosi Correctional Center, Individually and Officially; Jamie Crump, Assistant Warden, Potosi Correctional Center, Individually and Officially

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 29, 2014
Filed: October 7, 2014
[Unpublished]

_____

Before KELLY, BOWMAN, and MELLOY, Circuit Judges.

PER CURIAM.

Frederick Davis appeals the district court's Federal Rule of Civil Procedure 12(b)(6) dismissal of his 42 U.S.C. § 1983 complaint naming various officials employed at the Potosi Correctional Center (PCC), including Timothy Lancaster and Stanley Pruitt. Upon careful review, we agree with the district court's disposition of the case, except we conclude that Davis's retaliation claim should not have been dismissed at this early stage of the proceedings.

As to the retaliation claim, we liberally construe Davis's complaint to allege the following relevant facts, among others. In November 2011, Davis filed a lawsuit against Lancaster and other PCC officials. In October 2012, while the lawsuit was pending, a knife was found in a PCC housing unit. Inmates who worked at PCC's metal factory, including Davis, were strip-searched; however, the housing unit was not searched or put on lock-down. Davis was sent to administrative segregation (ad seg), and Lancaster--who was involved with the knife investigation--later interviewed Davis. During the interview, Lancaster stated that he believed the knife had been manufactured in the metal factory, and that Davis and another inmate were in ad seg because they were the only metal-factory workers assigned to the housing unit. No other inmates were questioned regarding the knife incident, including those who had recently quit metal-factory jobs. Shortly thereafter, the other inmate was released from ad seg, while Davis remained subject to the investigation (which did not comply with PCC policies) until he was transferred to a different institution in January 2013. During Davis's confinement in ad seg, he was denied legal materials related to his pending lawsuit, and he was unable to access the prison law library. In addition, Lancaster and Pruitt made specific statements indicating that they wished to get Davis out of PCC due to his legal activities, and that he would have to get his legal materials at another institution. Lancaster had also recommended an administrative transfer for Davis without any penological reason.

Based on these allegations, we conclude that Davis stated a First Amendment retaliation claim.  See Minn. Majority v. Mansky, 708 F.3d 1051, 1055 (8th Cir.) (de novo review of Fed. R. Civ. P. 12(b)(6) dismissal), cert. denied, 134 S. Ct. 824 (2013).  We note that Davis did not assert in his complaint that he was wrongfully disciplined; rather, he asserted that impermissible retaliation was a motivating factor for adverse actions taken against him.  See Spencer v. Jackson Cnty., 738 F.3d 907, 911 (8th Cir. 2013) (where plaintiff did not allege retaliatory discipline and defendants did not claim that he had violated any rules, retaliatory discipline framework and "some evidence" rule did not apply; plaintiff was required to show that (1) he engaged in protected activity, (2) government official took adverse action against him that would chill person of ordinary firmness from continuing in activity, and (3) adverse action was motivated at least in part by exercise of protected activity; denial of privileges can constitute adverse action); Nei v. Dooley, 372 F.3d 1003, 1007-08 (8th Cir. 2004) (per curiam) (affirming denial of officials' motion for summary judgment, where inmates claimed officials retaliated against them for filing lawsuit by placing them in segregation and by denying them access to prison library, and officials argued that they merely transferred inmates in order to investigate whether they were violating prison rules).  We additionally note that his complaint, liberally construed, sufficiently alleged that but for impermissible retaliation, he would not have been transferred to another institution.  See Goff v. Burton, 7 F.3d 734, 737-38 (8th Cir. 1993) (for retaliatory-transfer claim, prisoner must show that "but for" impermissible retaliation he would not have been transferred); cf. Spencer, 738 F.3d at 912-13 (plaintiff presented sufficient evidence to create genuine issue of material fact as to whether he would have been transferred but for his use of grievance process, where, inter alia, plaintiff was told by defendant that she and another defendant had transferred him and he would not receive grievance forms).

Accordingly, we reverse only the district court's dismissal of Davis's First Amendment retaliation claim, we affirm in all other respects, and we remand the case for further proceedings.

_____