In re Clovis Carl GREEN, Jr.,
Petitioner (four cases).

In re Clovis Carl GREEN, Jr., and Steven D. Davis, Petitioners (three cases).

Nos. 79–8075, 79–8078, 79–8079, 79–8081, 79–8089, 79–8091 and 79–8092.

United States Court of Appeals,
Eighth Circuit.

May 14, 1979.

---

Clovis Carl Green, Jr., pro se.

Before GIBSON, Chief Judge, and LAY, HEANEY, BRIGHT, ROSS, STEPHENSON, HENLEY and McMILLIAN, Circuit Judges.

LAY, Circuit Judge.

This court has now reviewed each of the above petitions for mandamus and for writ of prohibition filed on behalf of Clovis Carl Green, Jr. and Steven D. Davis. These petitions have been filed pro se. Upon review we are satisfied that each petition fails to state any legal basis for the issuance of a writ of mandamus or a writ of prohibition. Each petition is ordered denied.

In the year 1978 Clovis Carl Green, Jr. filed over 66 petitions for writ of mandamus in this court. None were granted. Since January 1 this court has received approximately 17 petitions for writs of mandamus and numerous other petitions and motions. Although most of the petitions state diverse grounds they basically set forth conclusory allegations of prejudice against the trial judges and magistrates of the Western District of Missouri; they relate to the failure to give the petitioner immediate evidentiary hearings on his petitions or the failure of the trial court or magistrate to immediately rule on his various diverse and sundry motions; many relate to the failure of the state to timely file responsive pleadings, etc. The vast majority of the allegations relate to the control of the district court's trial dockets. In an informal response to one of the above petitions Judge Ralston, Magistrate in the Western District of Missouri, has filed a thorough report as he has done in each of the many instances wherein Green has petitioned this court. It is obvious that Judge Ralston has been required to spend a good deal of time in writing informal reports to this court, keeping the court abreast with Green's many filings and the time-consuming history as to the gross abuse of the judicial process carried out by Green.

It is axiomatic that no petitioner or person shall ever be denied his right to the processes of the court. On the other hand Judge Ralston has written in response to the petition for a writ of mandamus in No. 79–8078 as follows:

Green has continued to abuse the judicial process at all levels of the state and federal judiciary. That abuse of the judicial process has now become critical. It is now approaching the point that the time and resources of several judicial officers, both on the trial and appellate level, are substantially engaged in the processing of Green's cases. In light of the size of our criminal and civil dockets, we cannot afford to expend this amount of judicial effort in processing the litigation of one person. Quite frankly we do not have the judicial resources to give Green immediate service upon the myriad of matters which he raises in this court by way of his unending flow of paper.

This court has made an independent investigation of each of the files and records and petitions of mandamus filed by Green in the past several years. An independent investi-

gation of these records by this court demonstrates unequivocally that Green has continued to abuse the processes available to petitioners filing in forma pauperis petitions in both the district court and this court. This court is fully aware of the docketing problems existing in the Western District of Missouri and the tremendous caseload carried by each judge and magistrate. The magistrates have rendered able assistance to the trial judge in each instance and this court is satisfied that the district judges and magistrates of the Western District of Missouri are presently doing their utmost to provide expeditious process to all litigants including Clovis Carl Green, Jr. However, it is now apparent that Green's continued abuse of the legal process has placed an undue strain on the judicial manpower of this circuit. Judicial officers have attempted to give expeditious attention to his filings; doing so has necessarily detracted from the time to process the pleadings and papers and trials of other litigants. Mandamus as an extraordinary writ is only rarely available to interfere with the district court's processing of its cases. In view of Green's continued abuse this court orders that no further petitions for writs of mandamus may be filed in this court by the petitioner challenging the regularity of proceedings in the district court. Furthermore, in view of the many repetitious and frivolous petitions that petitioner has filed in the district court we also direct that the district court should in the exercise of discretion deny leave to petitioner to file petitions for relief in forma pauperis that are conclusory and frivolous on their face. Further, wherever it appears that petitioner is continuing to abuse the judicial process by filing repetitious claims concerning the same grounds or subject matter which has been subject to prior litigation the district court should in the exercise of its discretion dismiss the petition filed as being repetitive to prior petitions filed and the same shall be dismissed without ordering a further response from any of the parties. The clerk of this court is no longer required to seek informal response from the district court to the processing of any petitions for writs of mandamus filed by Green and any attempt by Green to file a petition for writ of mandamus in this court which relates to the regularity of proceedings in the district court shall be returned unfiled to the petitioner.

It is so ordered this 14th day of May, 1979.