Clovis Carl GREEN, Jr.

v.

UNITED STATES DISTRICT COURT FOR the DISTRICT OF COLUMBIA.

Clovis Carl GREEN, Jr.

v.

Mr. RODAK, Clerk, U. S. Supreme Court.

Clovis Carl GREEN, Jr.

v.

Norman A. CARLSON et al. (three cases).

Clovis Carl GREEN, Jr.

v.

CLERK, U. S. COURT OF APPEALS FOR the FIFTH CIRCUIT, et al.

Clovis Carl GREEN, Jr.

v.

Michael RODAK, Jr., Clerk, U. S. Supreme Court, et al.

Civ. A. Nos. 80–2080 to 80–2086.

United States District Court, District of Columbia.

Aug. 18, 1980.

## MEMORANDUM AND ORDER

HART, District Judge.

This court in recent months has been exposed to litigation tactics utilized by one Reverend Clovis Carl Green, Jr., which can only be described as an enormous and malicious abuse of the judicial process. Since 1973 Mr. Green has filed twenty-nine complaints in this court on his own behalf. In the past several weeks, the number filed have exceeded ten. While these numbers are not relatively large when compared to the hundreds of cases he has filed in the federal courts throughout the country, the complaints and their accompanying motions, petitions and correspondence, when considered with this court's research of Mr. Green's behavior in other courts, are clearly part of a larger scheme whose sole purpose is to impede the machinery of justice.

This court has examined several of Mr. Green's reported cases from the Eighth Cir-

cuit, particularly those from the U. S. District Court for the Western District of Missouri. One of those cases, *Green v. Camper*, 477 F.Supp. 758 (W.D.Mo.1979), presents, in a thoroughly documented opinion, horn book definitions of "abuse of process" and "malicious" in the context of 28 U.S.C. § 1915(d). More than nine pages of the opinion are devoted to listing over 500 cases that that court knew had been filed by Mr. Green in the federal and other courts. This list does not include the cases that have been filed in this court. It is reasonable to assume that other cases filed by Mr. Green in other courts were overlooked as well. This opinion goes on to describe the disturbing policy of Mr. Green's alleged church (Human Awareness Universal Life Church) of encouraging all prisoners to continuously file court suits with the hope of eventually quintupling the number of prisoner-related court actions. 477 F.Supp. at 770. This court finds equally disturbing the threatening correspondence received by other courts in connection with Mr. Green's cases. 477 F.Supp. 770–71.

This court has also considered several decisions of the U. S. Court of Appeals for the Eighth Circuit dealing with Mr. Green's voluminous litigation; particularly *In re Clovis Carl Green, Jr.*, 598 F.2d 1126 (8th Cir. 1979) and *Green v. White*, 616 F.2d 1054 (8th Cir. 1980). In 1978 that court had considered over 66 petitions for writs of mandamus from Mr. Green. None were granted. The court ordered that no more mandamus petitions would be accepted for filing. 598 F.2d at 1127. This year that same court severely limited the circumstances under which future applications by Mr. Green for in forma pauperis status under 28 U.S.C. § 1915 would be entertained by courts in the circuit. The courts of the circuit were prohibited from accepting for filing any of Mr. Green's pleadings for in forma pauperis filing, "except for those pleadings, if any, that specifically allege constitutional deprivation by reason of physical harm or threats thereof to petitioner's persons." 616 F.2d at 1055. The court went on to require Mr. Green in the future to verify all pleadings, to include a list of previous related pleadings within all subsequent pleadings, and to send a copy of every pleading to the Chief Judge of the U. S. District Court for the Eastern District of Missouri. Id. at 1056. Some of these requirements were apparently intended to apply in *all* federal courts.

This court has carefully examined the contents of Mr. Green's most recently filed complaints. There is no nexus between the substance of these complaints and this court's geographic location. These complaints, many of which repeat the same allegations over and over again, mainly deal with Mr. Green's dissatisfaction with the staffs and conditions of confinement in the various places in which he has been incarcerated. It is clear to this court that Mr. Green is attempting to use this court as a vehicle for continuing his malicious pattern of litigation. This court can only conclude that, having been thwarted in his efforts to disrupt the judicial machinery of the Eighth Circuit, Mr. Green now desires to transfer his activities to a new circuit with the hope that he will be able to continue his abusive practices in a court that is unaware of his previous activities. Judge Hunter, in *Green v. Camper*, concluded with the following:

> [U]nless the Courts of this Nation are to be deemed to be powerless to stop such a flagrant abuse of the judicial process, one man will be able to preempt so much judicial time at the trial and appellate levels as to thwart the very ability of the judicial system to carry out its necessary judicial function of properly processing its criminal and civil dockets of cases filed by other litigants who may have meritorious matters.

477 F.Supp. at 771.

For these reasons the above-captioned cases are hereby dismissed under 28 U.S.C. § 1915(d) as frivolous and malicious.