**David Jay STERLING, Plaintiff–Appellant,**

v.

**Frank W. WOOD, Warden, Minnesota Correctional Facility, Oak Park Heights, Defendant–Appellee.**

No. 94–1134.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1995.

Decided Oct. 31, 1995.

Christopher Shaheen, Minneapolis, Minnesota, argued, for appellant.

Timothy J. Sawina, St. Paul, Minnesota, argued (Thomas Erik Bailey, Asst. Atty. Gen., appeared on the brief), for appellee.

Before McMILLIAN, LAY, and LOKEN, Circuit Judges.

LAY, Circuit Judge.

David Sterling is an inmate of the federal prison system presently serving a 105–year sentence for armed robbery and the use of a weapon during a crime of violence. On March 2, 1991, Sterling was transferred from the United States Penitentiary in Leavenworth, Kansas, to Oak Park Heights, a state correctional facility located in Minnesota, pursuant to an agreement under 18 U.S.C. § 4002 between the United States Bureau of Prisons and the Minnesota Department of Corrections. Upon his arrival at Oak Park Heights, Sterling was asked to sign a transfer agreement which contained a clause: "Must not become litigious." Sterling, who asserts he was under duress, signed the agreement.

On June 12, 1991, Sterling filed a motion for leave to file a supplemental complaint in a pending *pro se* civil rights action against North Dakota correctional officials arising from his previous incarceration in a North Dakota state prison. He did not name Oak Park Heights officials as defendants, but he complained about his treatment at Oak Park Heights and alleged that the North Dakota defendants provided false information to Minnesota officials that resulted in the imposition of the "must not become litigious" clause in his transfer agreement. On September 11, 1991, the day after Sterling mailed his amendment, Oak Park Heights officials decided to transfer Sterling. On September 18, 1991, Sterling was transferred back to the custody of the United States Bureau of Prisons.

On February 4, 1992, Sterling filed a civil rights action against Frank Wood, the warden at Oak Park Heights, alleging, *inter alia,* the denial of his right of access to the courts.

Sterling claimed the "must not become litigious" clause of the transfer agreement was unconstitutional because it chilled his right of access to the courts. He also claimed that Wood retaliated against him for amending his complaint against the North Dakota officials when he transferred Sterling back to federal custody. The magistrate judge granted the defendant's motion for summary judgment. We affirm.

■■■ The right of inmates to have access to the courts is well established. *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494–95, 52 L.Ed.2d 72 (1977). This right means that inmates must have a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* at 825, 97 S.Ct. at 1496. "[A]n inmate's constitutional right of access to the courts cannot be impaired, either directly, by intercepting mail or prohibiting contact with an attorney, or indirectly, by threatening or harassing an inmate in retaliation for filing lawsuits." *Sanders v. St. Louis County,* 724 F.2d 665, 666 (8th Cir. 1983) (per curiam). "To assert a successful claim for denial of meaningful access to the courts, however, an inmate must demonstrate that he suffered prejudice." *Berdella v. Delo,* 972 F.2d 204, 210 (8th Cir.1992).

■ In the circumstances of this case, we find, as did the magistrate judge, that the clause in the transfer agreement that Sterling "must not become litigious" is not facially invalid. The plain meaning of "litigious" is "prone to engage in lawsuits." *Webster's Ninth New Collegiate Dictionary* 698 (1990). Although the clause could be more precise, we read it as nothing more than a condition that the prisoner cannot harass prison officials or the courts with frivolous litigation, rather than as a prohibition against even a single meritorious lawsuit. This condition is similar to restrictions this court has placed on litigious prisoners in the past. *See, e.g., In re Tyler,* 839 F.2d 1290 (8th Cir.1988) (per curiam); *In re Green,* 598 F.2d 1126 (8th Cir.1979) (en banc). *Cf. Austin v. United States,* —— U.S. ——, ——, 115 S.Ct. 380, 381, 130 L.Ed.2d 219 (1994) (per curiam)

(requiring courts of appeals to allow appointed counsel to refuse to file frivolous petitions for certiorari).

Although state prison officials cannot be the final arbiter of what constitutes a "frivolous claim," we find that a "must not become litigious" clause is a reasonable way for state prison officials who voluntarily accept custody over federal prisoners to control the costs of the inmates they agree to manage. This is especially true given that the only consequence for a prisoner who violates such an agreement is transfer back to the federal system that has ultimate responsibility for him in the first place. Such a re-transfer places a prisoner well "within the normal limits or range of custody" that he should expect from his confinement. *Cf. Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 2538–39, 49 L.Ed.2d 451 (1976) (state prisoners have no liberty interest in avoiding intrastate prison transfers under the Due Process Clause of the Fourteenth Amendment); Minn.Stat. § 243.51 (1994) (no express limits on prison officials' authority to transfer prisoners back to federal prison system). We thus find the grant of summary judgment for the defendant was proper on Sterling's claim that the "must not become litigious" clause in his transfer agreement infringed his constitutional rights.

■■■ We also reject Sterling's claim that the defendant transferred him back to the United States Bureau of Prisons in retaliation for exercising his constitutional rights. Although prison officials may not "retaliate" against a prisoner for exercising his constitutional right of access to the court, *Goff v. Burton,* 7 F.3d 734, 736 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 817 (1994), "there is 'no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'" *In re Tyler,* 839 F.2d app. at 1292 (quoting *Phillips v. Carey,* 638 F.2d 207, 208 (10th Cir.), *cert. denied,* 450 U.S. 985, 101 S.Ct. 1524, 67 L.Ed.2d 821 (1981)).

Assuming that the transfer was in response to the fact that Sterling amended his complaint in the North Dakota litigation,[1] we

---

1. On its face, Sterling's claim that his transfer

was in retaliation for his litigation activities in

find that the defendant did not violate Sterling's rights because Sterling's claim in his amendment to his complaint in the North Dakota litigation was frivolous. In his amendment, Sterling alleged that North Dakota officials had violated his rights by making a misrepresentation that caused officials at Oak Park Heights to impose an unconstitutional "must not become litigious" clause in Sterling's transfer agreement. Such a claim, even if true, fails to state any constitutional claim or denial of a federal right. *See* 42 U.S.C. § 1983. Obviously the claim was spurious at the time it was made. In addition, it is certainly frivolous in light of our decision upholding the constitutionality of the "must not become litigious" clause. It is not unlawful retaliation when state prison officials who have voluntarily accepted custody over a federal prisoner reasonably enforce an express provision against frivolous litigation in a transfer agreement by transferring the prisoner back to federal custody. Thus, we affirm the summary judgment in defendant's favor on Sterling's claim of unlawful retaliation.

The grant of summary judgment is affirmed.

McMILLIAN, Circuit Judge, concurring in part and dissenting in part.

I concur in part and dissent in part. I concur with the holding in favor of defendant Wood on the claim that the transfer agreement violated Sterling's right of meaningful access to the courts. However, I dissent from the holding in favor of Wood on Sterling's retaliatory transfer claim.

This is the first time that this court has been called upon to interpret language in a transfer agreement, imposed by prison officials, which requires that a prisoner "must not become litigious." I agree with the majority's interpretation of this language as essentially "a condition that the prisoner cannot harass prison officials or the courts with frivolous litigation, rather than a prohibition against even a single meritorious lawsuit." Op. at 1126. In light of this interpretation, I further agree with the majority's conclusion that there are no genuine issues of material fact and Wood is entitled to judgment as a matter of law on Sterling's claim that the transfer agreement violated his right of meaningful access to the courts.

However, I disagree with the majority's holding that Wood is entitled to judgment as a matter of law on Sterling's retaliation claim. The majority's decision on this issue rests entirely on the conclusion that "Sterling's claim in his amendment to his complaint in the North Dakota litigation was *frivolous.*" *Id.* at 1127 (emphasis added). The majority assumes, as they must, that Sterling was transferred in response to the fact that he amended his complaint in the North Dakota litigation. *Id.* at 1127 & n. 1. Sterling's claim in his amendment to his complaint in the North Dakota litigation was that North Dakota officials had violated his constitutional rights by making a misrepresentation that caused officials at Oak Park Heights to impose what Sterling believed at that time to be an unconstitutional restriction on his right of access to the courts, namely, the "must not become litigious" clause in his transfer agreement. In determining that the claim in the amended complaint was frivolous, the majority states, without explanation, "[o]bviously the claim was spurious at the time it was made." *Id.* at 1126–1127. The majority further reasons—in circular fashion—that the claim asserted in the amended complaint was "certainly frivolous in light of our decision upholding the constitutionality of the 'must not become litigious' clause." *Id.* at 1127.

As I have noted, we are only now deciding *for the first time* that the imposition of the

---

North Dakota lacks a reasonable basis in fact because the litigation in North Dakota did not involve Minnesota authorities. According to the defendant, "[t]he reasons for [Sterling's] transfer were that he burdened staff with nuisance complaints and because he was dissatisfied with his treatment" at Oak Park Heights. Brief for Appellee at 9. Sterling disputes this by stating that another correctional officer told him "he was

being transferred as a result of his having filed legal papers in North Dakota which involved [Oak Park Heights] officials and having complained about interference with his access to the courts." Brief for Appellant at 6. Since we deal with a grant of summary judgment for the defendant, for purposes of argument we credit Sterling's claim as true.

condition "must not become litigious" as part of a transfer agreement does not *per se* violate the right of meaningful access to the courts. Thus, it would have been impossible for Sterling to know, without a crystal ball, that the condition in the transfer agreement was not unconstitutional at the time he amended his complaint in the North Dakota litigation. At that time, he reasonably may have believed that the "must not become litigious" condition meant that any use of the courts would result in his transfer back to federal custody.[1] Even the dictionary definition of the term "litigious," upon which the majority relies, says nothing about frivolous, malicious, or harassing lawsuits. Therefore, Sterling's claim alleging that North Dakota prison officials violated his constitutional rights by taking actions that caused the condition to be imposed on him was not frivolous. *Cf. Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832–33, 104 L.Ed.2d 338 (1989) (the term "frivolous," as used in 28 U.S.C. § 1915(d), refers to claims that are based on "indisputably meritless legal theory" or "clearly baseless" factual contentions).

In order to prove a retaliatory transfer, a prisoner must show that, but for the exercise of a constitutionally protected right, the transfer would not have taken place. *Goff v. Burton*, 7 F.3d at 737. I believe that Sterling has come forward with sufficient facts to survive a summary judgment motion on the question of whether the transfer was retaliatory. To begin, the transfer agreement itself indicated that any action deemed "litigious" would result in his transfer back to federal custody. Furthermore, Sterling alleged that both Wood and one of the correctional officers at Oak Park Heights, Lieutenant Hell, told him that if he filed anything in court, he would be returned immediately to the federal system. Additionally, there is no dispute that Sterling's mailing of the amended complaint occurred on September 10, 1991, and the meeting of prison officials, in which it was determined that Sterling would be transferred back to federal custody, occurred the very next day, September 11, 1991. *See Smith v. Maschner*, 899 F.2d 940, 948–49

(10th Cir.1990) ("close temporal proximity" between exercise of protected activity and alleged retaliation was circumstantial evidence supporting finding of genuine issue of material fact). Finally, Wood himself admitted that associate warden Crist told Sterling that Wood considered Sterling's reference to Wood in the North Dakota litigation to be in violation of the transfer agreement. Therefore, on the record before us, there are genuine issues of material fact as to whether Wood's decision to transfer Sterling was motivated by a desire to retaliate against him for exercising his constitutional rights.

Finally, I underscore the majority's comment that state prison officials cannot be the final arbiter of what legally constitutes a "frivolous" claim. Op. at 1126. In the present case, Wood was not the *final* arbiter of whether Sterling's claim was frivolous; the courts have performed that role. Fortunately for Wood, the majority's conclusion that Sterling's claim in his amended complaint *was* frivolous (a conclusion with which I disagree) has rendered Wood's decision to transfer Sterling nonactionable. However, when prison officials take it upon themselves to make such legal evaluations as a basis for deciding whether or not to exercise their authority to transfer prisoners, they assume some risk. While it is true that there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious, it is equally well-established that retaliation for the exercise of a constitutionally protected right states a claim under § 1983. *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir.1990). Such retaliatory conduct is actionable, even if the challenged conduct, absent retaliatory motive, would have been proper. *Id.* The law remains clearly established that prison officials may not transfer an inmate because he or she chooses to exercise the constitutional right of meaningful access to the courts. *Goff v. Burton*, 7 F.3d at 736.

---

1. Because of Sterling's past cooperation with authorities during an internal prison criminal investigation in Oregon, the Federal Bureau of

Prisons determined that he is unsafe in the general population of its prisons.