_____

No. 95-2704
_____

Wendell R. Ayers,                    *
                                     *
          Appellant,                 *
                                     *  Appeal from the United States
     v.                              *  District Court for the
                                     *  Western District of Arkansas.
Jane Birkhahn,                       *
                                     *        [UNPUBLISHED]
          Appellee.                  *

_____

                  Submitted:  February 21, 1996

                     Filed:  February 27, 1996
                        _____

Before WOLLMAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
                        _____

PER CURIAM.

     Wendell Ayers appeals from the district court's[1] grant of
summary judgment to defendants in his 42 U.S.C. § 1983 action.  We
affirm.

     Ayers, an Arkansas inmate, alleged Jane Birkhahn, the Johnson
County Circuit Court Clerk, and Johnson County, violated his
constitutional rights by deliberately withholding records he needed
to seek post-conviction relief.  Ayers alleged that in January
1994, he appealed from the denial of his petition to correct an
illegal sentence and asked the court to provide certified copies of

_____

     [1]The Honorable Beverly R. Stites, United States Magistrate
Judge for the Western District of Arkansas.

the record.  Despite several subsequent requests, Birkhahn did not provide Ayers the certified record until September 1994.

The district court granted defendants summary judgment, concluding that Ayers failed to show Birkhahn's actions prejudiced him as the Arkansas Supreme Court held Ayers would not have prevailed on appeal even if the record had been timely lodged. See Ayers v. State, No. CR 94-1221, 1994 WL 721878 (Ark. Dec. 19, 1994) (denying Ayers's motion to lodge record belatedly and determining Ayers's state post-conviction petition was untimely filed under Arkansas Rule of Criminal Procedure 37).

We review a grant of summary judgment de novo.  See Earnest v. Courtney, 64 F.3d 365, 366 (8th Cir. 1995) (per curiam).  The district court correctly concluded Ayers failed to produce evidence of prejudice to support his claim of denial of meaningful access to the courts; whether Birkhahn filed the certified record in Ayers's appeal was of no consequence given the Arkansas Supreme Court's determination that Ayers's post conviction petition was untimely. See Sterling v. Wood, 68 F.3d 1124, 1126 (8th Cir. 1995) (successful claim for denial of meaningful access to the courts requires showing of prejudice); 28 U.S.C. § 1738 (this court gives full faith and credit to state court judgment).  We also note Ayers's bare allegation that the County did not properly train or supervise Birkhahn cannot support a constitutional claim.  See City of Canton, Ohio v. Harris, 489 U.S. 378, 388-92 (1989).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

　　CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.