77 F.3d 486
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Wendell R. AYERS, Appellant,
v.
Jane BIRKHAHN, Appellee.
 No. 95-2704.
 United States Court of Appeals, Eighth Circuit.
 Submitted: Feb. 21, 1996.
Filed: Feb. 27, 1996.
 
 Before WOLLMAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Wendell Ayers appeals from the district court's[1] grant of summary judgment to defendants in his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 Ayers, an Arkansas inmate, alleged Jane Birkhahn, the Johnson County Circuit Court Clerk, and Johnson County, violated his constitutional rights by deliberately withholding records he needed to seek post-conviction relief. Ayers alleged that in January 1994, he appealed from the denial of his petition to correct an illegal sentence and asked the court to provide certified copies of the record. Despite several subsequent requests, Birkhahn did not provide Ayers the certified record until September 1994.
 
 
 3
 The district court granted defendants summary judgment, concluding that Ayers failed to show Birkhahn's actions prejudiced him as the Arkansas Supreme Court held Ayers would not have prevailed on appeal even if the record had been timely lodged. See Ayers v. State, No. CR 94-1221, 1994 WL 721878 (Ark. Dec. 19, 1994) (denying Ayers's motion to lodge record belatedly and determining Ayers's state post-conviction petition was untimely filed under Arkansas Rule of Criminal Procedure 37).
 
 
 4
 We review a grant of summary judgment de novo. See Earnest v. Courtney, 64 F.3d 365, 366 (8th Cir.1995) (per curiam). The district court correctly concluded Ayers failed to produce evidence of prejudice to support his claim of denial of meaningful access to the courts; whether Birkhahn filed the certified record in Ayers's appeal was of no consequence given the Arkansas Supreme Court's determination that Ayers's post conviction petition was untimely. See Sterling v. Wood, 68 F.3d 1124, 1126 (8th Cir.1995) (successful claim for denial of meaningful access to the courts requires showing of prejudice); 28 U.S.C. § 1738 (this court gives full faith and credit to state court judgment). We also note Ayers's bare allegation that the County did not properly train or supervise Birkhahn cannot support a constitutional claim. See City of Canton, Ohio v. Harris, 489 U.S. 378, 388-92 (1989).
 
 
 5
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas