No. 96-2999

Guy C. Barnes,                        *
                                      *
        Appellant,                    *
                                      * Appeal from the United States
    v.                                * District Court for the
                                      * Western District of Arkansas.
Joan Douglas, Sebastian County        *
Circuit Court Recorder,               *          [UNPUBLISHED]
                                      *
        Appellee.                     *


                        Submitted: February 7, 1997

                           Filed: March 4, 1997


Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.


PER CURIAM.


        Guy C. Barnes, an Arkansas inmate, appeals from the district court's[1] dismissal of his 42 U.S.C. § 1983 action.  We affirm.


        After pleading guilty to delivery of a controlled substance, Barnes filed a pro se petition for postconviction relief in Arkansas state court, which was denied.  Barnes filed this section 1983 complaint, alleging he was denied access to the Arkansas Supreme Court by Joan Douglas, a Sebastian County Circuit Court reporter, because she failed to comply with an Arkansas Supreme Court order to provide him with a transcript for appeal purposes. The Arkansas Supreme Court subsequently denied Barnes's motion for

---

        The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas, adopting the report and recommendations of the Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas.

belated appeal from the adverse ruling on his postconviction petition for lack of jurisdiction, because Barnes failed to file a timely notice of appeal and failed to show good cause for that failure.  Douglas moved to dismiss Barnes's complaint for failure to state a claim.  After reviewing the magistrate judge's report and recommendations and Barnes's objections, the district court granted the motion.  Barnes timely appealed, and we affirm.

Reviewing de novo, see Ring v. First Interstate Mortgage, Inc., 984 F.2d 924, 926 (8th Cir. 1993), we conclude that Barnes has failed to state a denial-of-access claim, see Sterling v. Wood, 68 F.3d 1124, 1126 (8th Cir. 1995) (inmate must demonstrate he suffered prejudice to assert successful denial-of-access claim). Douglas's alleged failure to provide Barnes with a transcript was of no consequence given the Arkansas Supreme Court's determination that Barnes's state postconviction petition was untimely and his petition for belated appeal was unwarranted.  To the extent Barnes challenges others' conduct for the first time on appeal, we do not address this allegation.  See United States v. Dixon, 51 F.3d 1376, 1383 (8th Cir. 1995).  Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-