**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ARTHUR O. ARMSTRONG,
Plaintiff-Appellant,

v.                                                                    No. 99-2511

KOURY CORPORATION,
Defendant-Appellee.

ARTHUR O. ARMSTRONG,
                                                                      No. 99-2512
Petitioner-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CA-97-1028, MISC-99-71)

Submitted: February 29, 2000

Decided: April 10, 2000

Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.

_____

No. 99-2511 affirmed and No. 99-2512 affirmed as modified by
unpublished per curiam opinion.

_____

**COUNSEL**

Arthur O. Armstrong, Appellant Pro Se. Jonathan A. Berkelhammer,
Laura Deddish Burton, SMITH, HELMS, MULLISS & MOORE,
L.L.P., Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated appeals, Arthur O. Armstrong appeals two district court orders. In No. 99-2511, Armstrong appeals the district court order denying his motion for reconsideration of an order denying leave of court to commence a lawsuit against Koury Corporation and several of its employees (collectively "Koury"). Because Armstrong's proposed complaint was frivolous, we affirm the court's order.

In No. 99-2512, Armstrong appeals a district court order that (1) denied Armstrong leave of court to file a complaint against Koury, and (2) amended a June 1998 prefiling injunction. Because Armstrong's proposed complaint was frivolous, we affirm that portion of the court's order denying Armstrong leave of court to file a complaint against Koury. For the reasons that follow, we affirm as modified that portion of the court's order that amended the June 1998 prefiling injunction.

Federal courts have the authority to enjoin litigants from abusing the judicial process. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984); see Graham v. Riddle, 554 F.2d 133, 134-35 (4th Cir. 1977). Prefiling injunctions should be "tailored to the specific circumstances presented." Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993). No person "shall ever be denied his right to the processes of the court." In re Green, 598 F.2d 1126, 1127 (8th Cir. 1979).

In the instant case, the amended prefiling injunction totally restricts Armstrong's access to the federal courts with regard to any action, including actions unrelated to Koury. Although we agree with the dis-

2

trict court that Armstrong has abused the judicial process by filing multiple lawsuits against Koury arising out of the same incidents, the amended prefiling injunction was too broad because it totally restricted Armstrong's access to the federal courts with regard to any action against any defendant until he paid costs and attorneys fees to Koury. See Castro v. United States, 775 F.2d 399, 410 (1st Cir. 1985) ("if an injunction against future litigation were couched in overly broad terms, this could impermissibly infringe upon a litigator's right of access to the courts").

Thus, pursuant to our authority under 28 U.S.C. § 2106 (1994), we modify that portion of the district court's October 1, 1999, order that amended the June 1998 prefiling injunction to read on page 2 as follows (modification in italics):

> The clerk of this court shall, without submission to the court and without further direction, return to Arthur O. Armstrong any attempted filings by Arthur O. Armstrong, or anyone on his behalf, against Koury Corporation, the Holiday Inn, or its employees, until Mr. Armstrong submits proof that he has paid the court-ordered sum of $4,725.00 to Koury Corporation. The June 12, 1998, injunction remains intact and Arthur O. Armstrong must still seek leave of court prior to commencing any federal lawsuit.

Accordingly, we affirm the district court's order in No. 99-2511 and affirm as modified the district court's order in No. 99-2512. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 99-2511 - AFFIRMED
No. 99-2512 - AFFIRMED AS MODIFIED

3