Tammy M. STONE, Plaintiff—Appellant,

v.

SOUTH CENTRAL REGIONAL JAIL; Correctional Officer Buckner, Booking/Holding, Defendants—Appellees.

Tammy M. Stone, Plaintiff—Appellant,

v.

Ms. Perry, Counselor of South Central Regional Jail, Defendant—Appellee.

Tammy M. Stone, Plaintiff—Appellant,

v.

Kanawha County Sheriff's Department; J.L. Walker, Defendants—Appellees.

Tammy M. Stone, Plaintiff—Appellant,

v.

Department of Corrections, Defendant—Appellee.

Tammy M. Stone, Plaintiff—Appellant,

v.

Rick Hallorick, Magistrate, Defendant—Appellee.

Tammy M. Stone, Plaintiff—Appellant,

v.

Jeff Stewart, Public Defender, Defendant—Appellee.

Tammy M. Stone, Plaintiff—Appellant,

v.

KRT Supervisor Warner, Defendant—Appellee.

Tammy M. Stone, Plaintiff—Appellant,

v.

Deputy Braley, Kanawha County Sheriff's Department and Quincy Detachment, Defendant—Appellee.

Tammy M. Stone, Plaintiff—Appellant,

v.

Commander Hill, West Virginia State Police; Trooper Zerkle; Sergeant Frye; Sergeant Bowman; Mark Johns, Defendants—Appellees.

Tammy M. Stone, Plaintiff—Appellant,

v.

South Charleston City Police Department, Patrol Division; Officer Eary, Defendants—Appellees.

Tammy M. Stone, Plaintiff—Appellant,

v.

Sergeant Jarrell; Correctional Officer, South Central Regional Jail, Defendants—Appellees.

Tammy M. Stone, Plaintiff—Appellant,

v.

Darrell S. Townsend; Laurie A. Townsend, Defendants—Appellees.

Tammy M. Stone, Plaintiff—Appellant,

v.

Donna Kay Murphy; Poca Post Office; Laurie Townsend; Darrell Townsend, Defendants—Appellees.

Tammy M. Stone, Plaintiff—Appellant,

v.

Michael Clifford, Prosecutor, Defendant—Appellee.

Tammy M. Stone, Plaintiff—Appellant,

v.

Larry Glassburg, Sr., Defendant—Appellee.

Tammy M. Stone, Plaintiff—Appellant,

v.

Danny Jones, Mayor or former Kanawha County Sheriff, Defendant—Appellee.

Tammy M. Stone, Plaintiff—Appellant,

v.

William Lester, Defendant—Appellee.

Tammy M. Stone, Plaintiff—Appellant,

v.

Douglas Wendel Artrip; Lisa Farrell; Dennis Artrip; Mary Ann Artrip, Defendants—Appellees.

Tammy M. Stone, Plaintiff—Appellant,

v.

Administrator Murray, Kanawha County and State Court, Defendant—Appellee.

Tammy M. Stone, Plaintiff—Appellant,

v.

Meredith Perry, Counselor; United States Secret Service; South Central Regional Jail; David Walker, Psychiatrist; Correctional Officer; John McKay, Administrator; Jeff Stewart, Lawyer; Public Defender's Office, Defendants—Appellees.

Tammy M. Stone, Plaintiff—Appellant,

v.

United States Secret Service, Defendant—Appellee.

Tammy M. Stone, Plaintiff—Appellant,

v.

Deputy Lane; Kanawha County Sheriff's Department, Defendants—Appellees.

Tammy M. Stone, Plaintiff—Appellant,

v.

Lieutenant Rogers, Chief Correctional Officer, Defendant—Appellee.

Nos. 04–6399, 04–6400, 04–6401, 04–6402, 04–6403, 04–6404, 04–6405, 04–6406, 04–6407.

United States Court of Appeals, Fourth Circuit.

Submitted July 9, 2004.

Decided Aug. 9, 2004.

Tammy M. Stone, Appellant pro se.

Before WIDENER, WILLIAMS, and DUNCAN, Circuit Judges.

PER CURIAM.

Affirmed as modified by unpublished per curiam opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

Tammy M. Stone appeals the district court's dismissal of her suits and entry of an order enjoining her from proceeding in forma pauperis in any future civil action.

After reviewing the record, we affirm the dismissal of Stone's suits on the reasoning of the district court. We affirm, as modified, the district court's entry of an injunction against Stone.

Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct that impairs their ability to carry out Article III functions. *In re Martin–Trigona,* 737 F.2d 1254, 1261 (2d Cir.1984); *see Procup v. Strickland,* 792 F.2d 1069, 1074 (11th Cir.1986); *Graham v. Riddle,* 554 F.2d 133, 134–35 (4th Cir.1977). Given Stone's history of abuse of the legal system, we find that the district court did not abuse its discretion in enjoining Stone from future filings. Nonetheless, the district court must take into account that no person should ever be denied his right to the processes of the court. *In re Green,* 598 F.2d 1126, 1127 (8th Cir.1979). Therefore, we modify the district court's order to read, "Tammy Stone is hereby enjoined from proceeding in forma pauperis in any civil action without first obtaining leave of court."

We grant Stone's motions to proceed in forma pauperis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*